IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUDOLPH P. KESZTHELYI, ) | |
| ) | Civil Action No. 07 - 24J |
| Plaintiff, ) | |
| ) | Judge Kim R. Gibson / |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| HARVEY G. LAPPIN, Director of Federal ) | |
| Bureau of Prisons; JAMES E. HYMAN, C.E.O. ) | |
| of Cornell Co.; FEDERAL BUREAU OF ) | |
| PRISONS and CORNELL COMPANY, INC., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that Plaintiff's Motion for Preliminary Injunctive Relief (doc. no. 6) be denied.

**II.   REPORT**

Plaintiff, Rudolph P. Keszthelyi, is a federal inmate incarcerated at the Moshannon Valley Correctional Center.  Presently pending before the Court is Plaintiff's letter dated February 9, 2007 wherein he requests injunctive relief to prohibit the Bureau of Prisons from sending Latino prisoners to Moshannon because he is afraid a race riot will break out.

This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65. The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity.  Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).  Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited

circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995). The party seeking a preliminary injunction has the burden of demonstrating: 1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the issuance of an injunction will not result in greater harm to the mon-moving party; and 4) that the public interest would best be served by granting the injunction.[1] Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). Because Plaintiff is seeking mandatory relief, his burden is particularly heavy. *See* Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980); Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994). Moreover, a request for injunctive relief in the prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." ' Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).[2]

---

1.   These elements also apply to temporary restraining orders. Fink v. Supreme Court of Pennsylvania, 646 F. Supp. 569, 570 (M.D. Pa. 1986). *Cf*. NutriSweet Co. v. Vit-Mar Enterprises, Inc., 112 F.3d 689, 693 (3d Cir. 1997) (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions).

2.   *See also* Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994) (noting that intervention in the management of state prisons is rarely appropriate where mandatory injunctive relief is sought and only preliminary findings as to the plaintiffs' likelihood of success on the merits have been made); Fisher v. Goord, 981 F. Supp. 140 (W.D.N.Y. 1997) ("In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons.").

Plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989). This is not an easy burden. Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000). "The word irreparable connotes "that which cannot be repaired, retrieved, put down again, atoned for . . .." Acierno, 40 F.3d at 653.[3] Moreover, when considering the type of injury sustained by a party seeking relief, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F. Supp. 803, 809 (W.D. Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury. . . ." Acierno, 40 F.3d at 655 (citations omitted). The facts must clearly support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. *Id*.

Plaintiff fails to show any immediate, irreparable injury that will result from the Court's denial of his Motion. Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell,

---

3.   *See also* Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102-03 (3d Cir. 1988) (holding that the irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages).

418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Bell v. Wolfish, 441 U.S. 520, 527 (1979).

Plaintiff has not demonstrated that he will suffer irreparable harm if the Court does not grant him injunctive relief prior to a full review of the merits of his action. Accordingly, his Motion should be denied.

### III.   CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiff's Motion for Preliminary Injunctive Relief (doc. no. 6) be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
U.S. Magistrate Judge

August 28, 2007

cc:   Kim R. Gibson
      United States District Judge

      Rudolph P. Keszthelyi
      15953074
      MV.C.C. Unit D-6

P.O. Box 2000
Philipsburg, PA 16866-0798